People v Mainella (2025 NY Slip Op 01475)

People v Mainella

2025 NY Slip Op 01475

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., SMITH, GREENWOOD, DELCONTE, AND HANNAH, JJ.

116 KA 23-00939

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DOMINIC MAINELLA, DEFENDANT-APPELLANT. 

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.
VINCENT A. HEMMING, ACTING DISTRICT ATTORNEY, WARSAW, FOR RESPONDENT. 

 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered April 27, 2023. The judgment convicted defendant after a nonjury trial of burglary in the second degree, criminal mischief in the third degree, and petit larceny. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of burglary in the second degree (Penal Law § 140.25 [2]), criminal mischief in the third degree (§ 145.05 [2]), and petit larceny (§ 155.25). Contrary to defendant's contention, we conclude, with respect to each crime, that the evidence, viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to establish defendant's guilt (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We reject defendant's further contention that the verdict is against the weight of the evidence. Viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although an acquittal would not have been unreasonable, it cannot be said that County Court failed to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495).
Defendant contends that he was denied effective assistance of counsel based on defense counsel's failure to request a missing witness charge with respect to one of the police officers who responded to the scene of the burglary. We reject that contention inasmuch as there was no indication that the officer would have provided noncumulative testimony favorable to the People (see People v Gonzales, 145 AD3d 1432, 1433 [4th Dept 2016], lv denied 29 NY3d 1079 [2017]; People v Smith, 118 AD3d 1492, 1493 [4th Dept 2014], lv denied 25 NY3d 953 [2015]; see generally People v Smith, 33 NY3d 454, 458-459 [2019]). Finally, the sentence is not unduly harsh or severe.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court